UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-CT-03117-D

DEJA VONTA WILSON,
         Plaintiff,

v.

OFFICER JOSHUA SMITH, *et al.*,
         Defendants.

**ANSWER TO COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES, Defendants Valerie Qumsieh and Joshua Smith, by and through Undersigned Counsel, answering Plaintiff's Complaint as follows:

### FIRST DEFENSE – ANSWER

Except as specifically admitted herein, Defendants deny all allegations and requests for relief in Plaintiff's Complaint including any allegations contained in the attachments. Otherwise, Defendants respond as follows to the rest of the Complaint.

### I.    COMPLAINT

It is admitted that Plaintiff purports to bring claims under 42 U.S.C. § 1983, but all such claims and demands for relief are denied.

### II.    PLAINTIFF INFORMATION

It is admitted, upon information and belief, that Plaintiff was incarcerated at Tabor Correctional Institution at the time Plaintiff filed this Complaint.

## III. PRISONER STATUS

It is admitted, upon information and belief, that Plaintiff is a convicted and sentenced state prisoner.

## IV. DEFENDANT(S) INFORMATION

Since Plaintiff did not direct any allegations toward Defendants in this section, a response is not required. If a response is required, it is admitted that Defendants are correctional staff working for the North Carolina Department of Adult Correction. Except as admitted herein, denied.

## V. STATEMENT OF CLAIM

It is admitted that on March 6, 2025, at approximately 3:55 P.M. a fight occurred between Deja Wilson and Damian Santee. It is admitted that Plaintiff received medical treatment for his injuries and the medical records contain information as to the extent of the injuries. Defendants deny any claims for relief based on any constitutional, statutory, or administrative rights or privileges granted under state or federal law were violated. Except as specifically admitted herein, the allegations are denied.

## VI. ADMINISTRATIVE REMEDIES

It is admitted that Plaintiff has submitted grievances. The grievances speak for themselves as to their subject matter and the dates submitted. Defendants lack sufficient information and knowledge to admit or deny whether Plaintiff exhausted his administrative remedies in accordance with the NCDAC Administrative Remedies

Procedure, and therefore it is denied.

## VII.   RELIEF

It is denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory and/or punitive damages against the Defendants.

## SECOND DEFENSE – QUALIFIED IMMUNITY

Qualified immunity shields the Defendants in their individual capacity from Plaintiff's claims against them for monetary damages as Defendants did not violate any clearly established federal law or constitutional rights of which a reasonable person would have known.

## THIRD DEFENSE – FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fail to state a claim upon which relief can be granted, and Defendants plead this failure in bar of Plaintiff's claims against him. The Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to support a finding that Defendants violated Plaintiff's rights under the Constitution or federal law. Lastly, the Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to state any other legally cognizable claims.

## FOURTH DEFENSE – FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

To the extent it is determined that Plaintiff failed to exhaust his available administrative remedies, Defendants assert that such failure bars Plaintiff's claims.

## FIFTH DEFENSE – SUPERSEDING CAUSE

To the extent it is determined that the actions or omissions of any other person(s) (including Plaintiff) was a proximate cause of injury to Plaintiff and thereby interrupted the casual relationship between any alleged (but denied) wrongful actions of Defendants with respect to the alleged injury to Plaintiff, Defendants plead such intervening and superseding actions as a complete bar against any recovery by Plaintiff from Defendants in this matter.

## SIXTH DEFENSE – NO PUNITIVE DAMAGES

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any such recovery. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendants required to support a claim for punitive damages.

## SEVENTH DEFENSE – FAILURE TO MITIGATE DAMAGES

To the extent it is determined that Plaintiff failed to mitigate his damages, Defendants plead such failure as a bar to Plaintiff's claims, or alternatively, as an offset to Plaintiff's alleged damages.

## EIGHTH DEFENSE – ASSUMPTION OF RISK

To the extent it is determined that Plaintiff knew of a condition inconsistent with his safety and voluntarily chose to be exposed to that condition, resulting in his injury, then Defendants plead Plaintiff's assumption of risk as a complete bar.

### TENTH DEFENSE – RESERVATION OF RIGHTS

Without waiving any other defenses or immunities asserted herein, Defendants assert any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

### PRAYER FOR RELIEF

WHEREFORE, having responded to the allegations of Plaintiff's complaint, and having asserted the above-noted defenses and immunities, the Defendants hereby pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendants;

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 12th of December, 2025.

    JEFF JACKSON
    Attorney General

    /s/ Zachary A. Smith

Zachary A. Smith (N.C.S.B. No. 61116)
Assistant Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27699-9001
Telephone: 919-716-6529
Facsimile: 919-716-6761
zsmith@ncdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

Deja Vonta Wilson
0921292
Tabor Correctional Institution
4600 Swamp Fox Hwy West
Tabor City, NC 28463

This 12th day of December 2025.

/s/ Zachary A. Smith
Zachary A. Smith
Assistant Attorney General