UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:25-CT-3117-D

| | |
|---|---|
| DEJA VONTA WILSON,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER JOSHUA SMITH, *et al.*,<br>　　　　　　　Defendants. | **RESPONSE IN OPPOSITION TO MOTION TO SERVE SUBPOENA FOR DEPOSITION AND ORDER DISTRICT TO SHOULDER EXPENSE** |

NOW COMES Joshua Smith and Valerie Qumsieh (collectively referred to as "Defendants"), by and through Undersigned Counsel, and opposes Plaintiff's Motion to Serve Subpoena for Deposition and Order District to Shoulder Expense (DE-19). In summary, because Plaintiff is represented by counsel his request for leave to subpoena witnesses and his request for guidance in handling the subpoena is moot as the Court is not required to act and Plaintiff can discuss how to handle discovery with his attorney; Also, his in forma pauperis status does not require the Court to appoint and bear the costs of a court reporter to handle Plaintiff's depositions. Therefore, Plaintiff's Motion to Serve Subpoena for Deposition and Order District to Shoulder Expense should be denied.

## I.　　STATEMENT OF FACTS AND CASE

On May 20, 2025, Deja Vonta Wilson (hereinafter "Plaintiff"), filed his Complaint. DE-1. Plaintiff is proceeding in forma pauperis. DE-5, 6. On August 14, 2025, the Court entered its frivolity order, which allowed Plaintiff's individual claims to proceed against

1

Defendants. DE-6. On December 12, 2025, Defendants filed their Answer. DE-15. On December 15, 2025, the Court entered a Scheduling Order. DE-16.

On December 29, 2025, Sunny Khan Frothingham (attorney from NCPLS) made an appearance on behalf of Plaintiff, acting as discovery counsel. DE-17. On January 5, 2025, Plaintiff filed his Motion to Serve Subpoena for Deposition and Order District to Shoulder Expense. DE-19. In that motion, he states that his attorney refuses to serve discovery requests to non-party witnesses. *Id.* He seeks the Court's permission and guidance to subpoena and depose a Department of Adult Corrections employee. DE-19. He also moves the Court to waive the costs of hiring an officer of the court to administer the oath and record the deposition. *Id.*

## II. <u>LEGAL ARGUMENT</u>

Plaintiff filed this Motion pro se, while he is represented by counsel, and that counsel has not adopted the Motion. Therefore, the Motion should be denied as is it not properly before the Court. *See e.g. Michelson v. Duncan*, 2020 U.S. Dist. LEXIS 44523, *1 (W.D.N.C. Mar. 14, 2020). *See also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (the Constitution does not require courts to permit "hybrid" representation where the party is represented by himself and by counsel); *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992) ("Representation by counsel and self-representation are mutually exclusive entitlements, in light of the Supreme Count's statement in *McKaskle* that the sixth amendment does not create a right to hybrid representation.").

Accordingly, Plaintiff's motion should be dismissed because it is not properly before the Court.

## A. EVEN IF PLAINTIFF'S MOTION IS PROPERLY BEFORE THE COURT, HIS MOTION TO SUBPOENA AND DEPOSE A NON-PARTY WITNESS SHOULD BE DENIED.

Plaintiff first requests the Court's leave to subpoena and depose a non-party witness. DE-19. He additionally asks the Court to tell him how to serve a subpoena and to provide him the proper forms to subpoena the witness for deposition. *Id.* The Court is not required to provide that requested guidance. "A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." *McKaskle*, 465 U.S. at 183-184. "[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out." *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000). "Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Plaintiff here does have the benefit of counsel to provide the guidance he seeks, so the Court is under no obligation to provide the requested information to Plaintiff. Plaintiff generally does not need the Court's permission to seek discovery materials from

3

Case 5:25-ct-03117-D-RJ     Document 25     Filed 01/16/26     Page 3 of 6

a non-party. *Frazier v. Prince George's Cnty., Maryland*, 140 F.4th 556, 568 (4th Cir. 2025) ("[P]laintiffs may generally seek discovery from any person with relevant information, whether they are a party to the litigation or not."). Instead, the Court must limit the scope of discovery from non-parties to ensure it does place an undue burden on them. See *generally Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188-190 (4th Cir. 2019). The decision about whether to subpoena or depose a certain individual is one he should discuss with his attorney, and he should rely on his attorney to follow proper procedures on his behalf.

Therefore, Plaintiff's request for Court permission to depose a witness is moot and should be denied as Plaintiff has counsel to guide him and does not require court action.

## B. PLAINTIFF'S MOTION TO WAIVE THE COSTS OF DEPOSITION SHOULD BE DENIED.

In essence, Plaintiff appears to be requesting this Court appoint a court reporter to administer the oaths and take testimony at the requested deposition. DE-19. However, even though Plaintiff is proceeding in forma pauperis, the Court is not obligated to provide a court reporter. "[Federal Rules of Civil Procedure] Rule 28 'outlines *who is allowed* to take depositions; it does not create a duty for the court to find such a person and require them to administer depositions at the government's expense.'" *Reynolds v. Young*, No. 5:20- cv-00753, 2021 WL 5909185, at *1 (Dec. 14, 2021 S.D. W.Va.) (quoting *Badaiki v. Cameron Int'l Corp.*, No. 4:19-CV-371, 2020 WL 8990869, at *1 (S.D. Tex. Nov. 20, 2020)). "Civil litigants, including pro se litigants, generally bear their own deposition costs." *Stewart v. Union Cnty. Bd. of Educ.*, 655 Fed. App'x 151, 157 n.4 (3d Cir. 2016).

Plaintiff's in forma pauperis status does not relieve him of his obligation to pay for his own costs of deposition. "There is no provision in the in forma pauperis statute for the payment by the government of the costs of deposition transcripts, discovery costs, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Gochie v. Beaver*, No. 5:18-CV-148-FDW, 2019 WL 2088426, at *5 (W.D.N.C. May 13, 2019). "The established rule is that the expenditure of public funds is proper only when authorized by Congress[.]" *United States v. Maccollom*, 426 U.S. 317, 321 (1976).

Therefore, Plaintiff should only be permitted to depose those witnesses that he can afford to have deposed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Serve Subpoena for Deposition and Order District to Shoulder Expense should be denied.

Respectfully submitted this the 16th day of January, 2026.

        JEFF JACKSON
        Attorney General

        /s/ Sarah M. Varela
        Sarah M. Varela (N.C.S.B. No. 62726)
        Assistant Attorney General
        North Carolina Department of Justice
        P.O. Box 629
        Raleigh, North Carolina 27699-9001
        Telephone: 919-716-6638
        Facsimile: 919-716-6761
        svarela@ncdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice to counsel of record as follows:

>Sunny Khan Frothingham
>N.C. Prisoner Legal Services
>Post Office Box 25397
>Raleigh, NC 27611
>*Counsel for Plaintiff*

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

>Deja Vonta Wilson
>0921292
>Alexander Correctional Institution
>633 Old Landfill Rd.
>Taylorsville, NC 28681

This the 16th day of January, 2026.

>/s/ Sarah M. Varela
>Sarah M. Varela
>Assistant Attorney General