IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3117-D

DEJA VONTA WILSON,            )
                              )
            Plaintiff,        )
                              )
       v.                     )     **ORDER**
                              )
OFFICER JOSHUA SMITH, et al., )
                              )
            Defendants.       )

On May 20, 2025, Deja Vonta Wilson ("Wilson" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights [D.E. 1, 2, 5]. Wilson alleges that on March 6, 2025, another inmate brutally assaulted Wilson and that defendants did nothing to diffuse or prevent the assault. See [D.E. 1] 5–7; [D.E. 6]. On December 15, 2025, the court issued a scheduling order setting a discovery deadline of April 14, 2026, and a motions deadline of May 14, 2026. See [D.E. 16].

Wilson moves for appointment of counsel, see [D.E. 11], and "to serve subpoena for deposition and order district to shoulder expense" for Officer Chavis, a "non-party witness . . . . who is a DAC employee." [D.E. 19] 1. Without elaboration, Wilson contends that Chavis "is very integral to the success of my suit." Id. North Carolina Prisoner Legal Services, Inc. ("NCPLS") is assisting Wilson with conducting discovery, see [D.E. 8, 10], but has declined to assist Wilson with this task. See [D.E. 19] 1. Defendants have responded in opposition to the motion for discovery. See [D.E. 25].

The court has considered Wilson's motion to obtain discovery from a nonparty under the governing standard. See, e.g., Fed. R. Civ. P. 26(b)(2)(C), 45. "The federal courts uniformly have held that even an indigent, imprisoned litigant must bear his own costs of litigation." Tuvalu v. Woodford, No. CIV S-04-1724, 2006 WL 3201096, at *4 (E.D. Cal. Nov. 2, 2006) (unpublished) (collecting cases), report and recommendation adopted, 2008 WL 2774571 (E.D. Cal. July 15, 2008) (unpublished). Wilson has not "demonstrate[d] that he can meet the requirements for taking depositions on written discovery, including to retain an appropriate officer capable of administering an oath and the written depositions questions; serving the subpoenas on the non-party witness[] to be deposed; and paying witness fees where applicable." Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) (unpublished); see also Oxendine v. Summers, No. 5:23-CT-3118, 2025 WL 2523712, at *1 (E.D.N.C. Sept. 2, 2025) (unpublished); Pickens v. Lewis, No. 1:15-CV-275, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (unpublished); Lindsay v. Lewis, No. 1:11CV67, 2012 WL 1944571, at *2 (M.D.N.C. May 29, 2012) (unpublished); James v. Scarborough, No. 1:10-2794, 2011 WL 5508821, at *1 (D.S.C. Nov. 10, 2011) (unpublished). And Wilson fails to demonstrate that the requested examination is relevant or "proportional to the needs of the case." Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019) (citation omitted); see Fed. R. Civ. P. 26(b)(1). Thus, the court denies the motion. The court also denies Wilson's motion for appointment of counsel.

In sum, the court DENIES plaintiff's motions for appointment of counsel [D.E. 11] and to obtain discovery from a nonparty [D.E. 19].

SO ORDERED. This 4 day of February, 2026.

JAMES C. DEVER III
United States District Judge

2