United States District Court
Eastern District of North Carolina
Western Division
NO. 5:25-CT-3117-D-RJ

FILED

MAY 22 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Deya Vonta Wilson
　　　　　Plaintiff

V.

Officer Joshua Smith et al.,
　　　　　Defendants

Motion For
Deposition
Of
Non-Party witness

　Now Comes Deya Vonta Wilson plaintiff pro se Proceeding as an indigent litigant asking For the Courts to allow his Motion For a written deposition or deposition by telecommunication technology (Pursuant to Fed. R. Civ. P. 30(b)(4)) of Non party witness Officer Chavis of Franklin Correction (name of officer May be wrong description is in narrative)

### Statement of the Facts

　On March 6, 2025 plaintiff was viciously attacked by another offender resulting in ten stab wounds to left flank and lower back resulting in an immediate hospitalization which lasted 3 days. The officer that is the subject of this deposition request sat with Plaintiff and defendant Joshua Smith on March 7, 2025

in which the plaintiff, defendant smith, officer Chavis (officer that assisted defendant) had a conversation where defendant Joshua Smith blantly he could have intervened in the altercation which is the basis of this suit.

The testimony of said officer and the substance of this conversation which was held by these 3 individuals is integral, and very important in proving diliberate indifference of the defendant smith and it is relevant to this claim and is discoverable under Fed. R. CiV. P. 26 (b)(1) See "Gov't of Ghana V. Pro Energy Servs., LLC, 677 F.3d 340 (8th cir 2012) Further More under the federal Court rules evidence does not have to be admissible to be discoverable, only relevant. See" Seattle times Co, V. Rhinehart, 467 U.S. 20, 104 S.Ct 2199, 81 L.Ed.2d 17 (1984) No Matter how Circumstantial this testimonial evidence is it Can suffice to establish "deliberate indifference" See "Boyd V. Knox, 47 F.3d 966 (8th cir 1995)

## Conclusion
Plaintiff was granted In Forma Pauperis status to proceed with this suit so he isn't Monetarily able to hire a Court official to Conduct deposition

Case 5:25-ct-03117-D-RJ   Document 32   Filed 05/22/26   Page 2 of 4

and shoulder the expense and cost to conduct deposition of said officer ie "officer chavis" and tax cost against plaintiff as a civil lien/judgment upon his release from prison or outcome of suit.

This deposition will be the deciding factor in the outcome of this civil suit it will show the deliberate indifference and Malice of Defendant Smith in the interest of justice I Pray that the Court:

1. Issue a Subpoena upon Officer Chavis {or the officer who assisted and accompanied defendant smith to hospital on March 7, 2025}
2. Shoulder espense and cost of deposition
3. tax cost against Plaintiff as a civil lien.

Respectfully Submitted this 19th day of May, 2026

Signature _____
Name   Deja Vonta Wilson
Address   Alexander Correctional Institute
          632 Old landfill RD
          Taylorsville Nc 28681

Certificate of Service

I hereby certify that on 19th, May 2026
I served the foregoing via USPS to defendants
attorney:

Jeff Jackson
Attorney General

Sarah M. Varela
Asst. Attorney General
NC Dept of Justice
P.O. Box 629
Raleigh NC 27602

Signature _Dex_
Name _Dex wilson_
Plaintiff Pro Se.