UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:25-CT-3117-D

DEJA VONTA WILSON,
                    Plaintiff,

v.

OFFICER JOSHUA SMITH, *et al.*,
                    Defendants.

**RESPONSE IN OPPOSITION TO MOTION TO SERVE SUBPOENA FOR DEPOSITION AND ORDER DISTRICT TO SHOULDER EXPENSE**

NOW COMES Joshua Smith and Valerie Qumsieh (collectively referred to as "Defendants"), by and through Undersigned Counsel, and opposes Plaintiff's Motion for Deposition of Non-Party Witness (DE-32).  In summary, because Plaintiff is unable to meet the procedural and financial requirements of deposing witnesses, his Motion for Deposition of Non-Party Witness should be denied.

## I.     STATEMENT OF FACTS AND CASE

On May 20, 2025, Deja Vonta Wilson (hereinafter "Plaintiff"), filed his Complaint. DE-1. In his Complaint, Plaintiff alleges that on March 6, 2025, another inmate began yelling and acting hostile, and that even though Defendants observed the other inmate acting hostile and violent, they did not act to defuse the situation. *Id.* Plaintiff alleges that the other inmate then attacked Plaintiff, and stabbed him multiple times. *Id.*

Plaintiff is proceeding in this matter in forma pauperis. DE-5, 6. On August 14, 2025, the Court entered its frivolity order, which allowed Plaintiff's individual claims to

1

proceed against Defendants.  DE-6.  On December 12, 2025, Defendants filed their Answer.  DE-15.  On December 15, 2025, the Court entered a Scheduling Order.  DE-16.

On December 29, 2025, Sunny Khan Frothingham (attorney from NCPLS) made an appearance on behalf of Plaintiff, acting as discovery counsel.  DE-17.  On January 5, 2025, Plaintiff filed his Motion to Serve Subpoena for Deposition and Order District to Shoulder Expense. DE-19. In that motion, he stated that his attorney refused to serve discovery requests to non-party witnesses. *Id.* He sought the Court's permission and guidance to subpoena and depose Officer Chavis. *Id.* He also moved the Court to waive the costs of hiring an officer of the court to administer the oath and record the deposition. *Id.* On February 4, 2026, the Court denied Plaintiff's motion. DE-26.

On May 8, 2026, Plaintiff moved for an Extension of Time to Complete Discovery (DE-29), and the Court granted that motion on May 11, 2026 (DE-30). On May 12, 2026, Attorney Frothingham concluded her representation of Plaintiff for the purpose of assisting him in discovery. DE-31.

On May 22, 2026, Plaintiff, acting *pro se*, filed his Motion for Deposition of Non-Party Witness. DE-32. In his motion, Plaintiff, again, requests the Court's permission to depose Officer Chavis. *Id.* at 1; DE-19. Plaintiff additionally requests the Court issue the subpoena against the officer. DE-32 at 3. Plaintiff admits in his motion that he does not have the ability to retain an appropriate court official to conduct the deposition. *Id.* at 2.

2

Instead, Plaintiff requests the Court shoulder the expense and cost of deposition, and tax the cost against Plaintiff as a civil lien. *Id.* at 3.

## II.     LEGAL ARGUMENT

### A.     PLAINTIFF'S MOTION FOR DEPOSITION OF NON-PARTY WITNESS SHOULD BE DENIED

Plaintiff is not only seeking permission to depose a witness, he is requesting the Court issue the subpoena on his behalf. DE-32 at 3. Plaintiff cannot "meet the requirements for taking depositions on written discovery, including to retain an appropriate officer capable of administering an oath and the written depositions questions; serving the subpoenas on the non-party witnesses to be deposed; and paying witness fees where applicable[.]" *Eggleston v. Mitchell*, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) (unpublished) (denying that plaintiff's motion to depose witnesses upon written deposition); *see also* DE-32 at 2.

The Constitution does not "require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984) "[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out." *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000). "Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

3

Plaintiff generally does not need the Court's permission to seek discovery materials from a non-party. *Frazier v. Prince George's Cnty., Maryland*, 140 F.4th 556, 568 (4th Cir. 2025) ("[P]laintiffs may generally seek discovery from any person with relevant information, whether they are a party to the litigation or not."). Instead, the Court must limit the scope of discovery from non-parties to ensure it does place an undue burden on them. *See generally Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188-90 (4th Cir. 2019), *cert. denied*, 589 U.S. 1121. Plaintiff has asserted that requested examination "will be the deciding factor in the outcome of this civil suit" (DE-32 at 3), but he has not provided any facts demonstrating that the requested examination is actually "proportional to the needs of the case." *Va. Dep't of Corr.*, 921 F.3d at 188; *see also* Fed. R. Civ. P. 26(b)(1).

Therefore, Plaintiff's request to depose a witness should be denied.

## B.  PLAINTIFF'S MOTION FOR THE COURT TO SHOULDER THE COSTS OF DEPOSITION SHOULD BE DENIED

Plaintiff informs the Court that he is unable to retain a court official to conduct a deposition. DE-32 at 2. "Civil litigants, including pro se litigants, generally bear their own deposition costs." *Stewart v. Union Cnty. Bd. of Educ.*, 655 Fed. App'x 151, 157 n.4 (3d Cir. 2016) (unpublished); *see also Pickens v. Lewis*, No. 1:15-CV-275-FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (unpublished) (denying that plaintiff's request to depose witnesses because he could not pay the costs); *James v. Scarborough*, No. CA 1:10-2794-HMH-SVH, 2011 WL 5508821, at *1 (D.S.C. Nov. 10, 2011) (unpublished)

(denying that plaintiff's motions for subpoenas because he did not provide witness fees or pay for the costs of service).

Plaintiff's in forma pauperis status does not relieve him of his obligation to pay for his own costs of deposition, and does not oblige the Court to shoulder those expenses or appoint the appropriate court officials. "There is no provision in the in forma pauperis statute for the payment by the government of the costs of deposition transcripts, discovery costs, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Gochie v. Beaver*, No. 5:18-CV-148-FDW, 2019 WL 2088426, at *5 (W.D.N.C. May 13, 2019); *see also Douglas v. McCarty*, 87 Fed. Appx. 299, 302 (4th Cir. 2003) (unpublished) ("[F]ederal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis civil litigant.").

Plaintiff requests the Court tax the cost of any deposition against him following his release from custody or based upon the outcome of this case. DE-32 at 3. However, "no provision of [28 U.S.C. § 1915] authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Love v. Mem'l Health Univ. Med. Ctr., Inc.*, No. CV413-112, 2013 WL 6408344, at *1 (S.D. Ga. Dec. 6, 2013) (unpublished) (internal citations omitted). "The federal courts uniformly have held that even an indigent, imprisoned litigant must bear his own costs of litigation." *Tuvalu v. Woodfoord*, No. CIV S-04-1724, 2006 WL 3201096, at *4 (E.D. Cal.

Nov. 2, 2006) (unpublished) (collecting cases), *report and recommendation adopted*, 2008

WL 2774571 (E.D. Cal. July 15, 2008) (unpublished).

Therefore, Plaintiff should only be permitted to depose those witnesses that he

can afford to have deposed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Deposition of Non-Party Witness

should be denied.

Respectfully submitted this the 4th day of June, 2026.

JEFF JACKSON
Attorney General

/s/ Sarah M. Varela
Sarah M. Varela (N.C.S.B. No. 62726)
Assistant Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27699-9001
Telephone: 919-716-6638
Facsimile: 919-716-6761
svarela@ncdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

> Deja Vonta Wilson
> 0921292
> Alexander Correctional Institution
> 633 Old Landfill Rd.
> Taylorsville, NC 28681
> *Pro Se Plaintiff*

This the 4th day of June, 2026.

/s/ Sarah M. Varela
Sarah M. Varela
Assistant Attorney General
