| | |
|---|---|
| Deja Vonta Wilson, <br><br>                Plaintiff, <br><br>    v. <br><br> Officer Joshua Smith, et al., <br><br>                Defendants. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING SPOLIATION SANCTIONS** |

NOW COME Defendants Valerie Qumsieh and Joshua Smith (hereinafter "Defendants"), by and through Undersigned Counsel, and respond to Plaintiff's Motion Seeking Spoliation Sanctions (DE-33). In summary, Plaintiff's Motion should be denied because he cannot prove that the relevant video existed, and (even if it did exist) that Defendants intentionally destroyed it. Therefore, Plaintiff's motion should be denied.

## I. STATEMENT OF CASE

Plaintiff filed his Complaint on March 20, 2025, under 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights. DE-1. On August 14, 2025, the Court entered its frivolity order allowing the claims to proceed, and Defendants filed their Answer on December 12, 2025. DE-6, DE-15. The Court issued its Scheduling Order on December 15, 2025, setting a discovery deadline of April 14, 2026, and a dispositive motions deadline of May 14, 2026. DE-16. On December 29, 2025, Sunny Khan Frothingham (of Prisoner Legal Services ("PLS")) filed a Notice of Appearance for

1

Plaintiff for the limited purposes of discovery.  DE-17. Plaintiff served Defendants with

his First Set of Interrogatories, Requests for Production, and Requests for Admissions

on February 3, 2026, to which Defendants responded on March 3, 2026. As part of those

requests, Plaintiff sought "all video footage depicting the events leading up to, during,

and after the altercation on Plaintiff that occurred on March 6, 2025, including camera

views that show the locations and actions of Plaintiff, Damian Santee, and Defendants."

*See* **Exhibit 1** (RPD #9). In response thereto, Defendants asserted the following response:

> Defendants object to this request as overbroad and indefinite. Defendants object to this request in that DAC's surveillance video system does not maintain surveillance video indefinitely; instead, the system is set up to automatically overwrite old video footage to make room for new video footage.  Furthermore, not all employees have access to the surveillance video system.
> Subject to and without waiving the foregoing objections, Defendants have produced herewith the available surveillance video for the incident in the dorm.  Placeholder, Bates Stamped 00127.  Otherwise, Defendants are currently unaware of any other responsive video available for production.

*Id.* Plaintiff served a Second Set of Discovery Requests on March 12, 2026, and

Defendants responded on April 13, 2026. On March 16, 2026, Plaintiff served a Letter of

Discrepancy concerning the First Set of Discovery Requests, and Defendants responded

on March 31, 2026. *See* **Exhibit 2** (Response to Letter of Deficiency). Defendants

addressed the deficiency concerning RPD #9 with the following response:

> After a reasonable investigation, Defendants were unable to locate any additional video. The standard process at Franklin Correctional Center is to download the exacqVision footage and convert it to an MP4 format for

Incident and Disciplinary Reports. That allows them to easily upload and email it as needed.

*Id.* (Response to Letter of Deficiency). During discovery, Attorney–Eyes Only documents required consultation with DAC and redaction, which caused additional delay. As a result, on April 13, 2026, the parties filed a Consent Motion to Extend the Scheduling Order Deadlines, which the Court granted on April 14, 2026, extending discovery to May 13, 2026, and the dispositive motions deadline to June 12, 2026. DE-27, DE-28. On May 8, 2026, Plaintiff moved for an Extension of Time to Complete Discovery, which the Court granted on May 11, 2026, extending discovery to June 12, 2026, and the dispositive motions deadline to July 13, 2026. DE-29, DE-30. On May 12, 2026, Attorney Frothingham concluded her representation of Plaintiff for the purpose of assisting him in discovery. DE-31. On May 22, 2026, Plaintiff, acting *pro se*, filed his Motion for Spoilation Sanctions. DE-33.

## II. <u>STATEMENT OF FACTS</u>

In Plaintiff's Complaint, he alleges that on March 6, 2025, another inmate began yelling and acting hostile, and that even though Defendants observed the other inmate acting hostile and violent, they did not act to defuse the situation. DE-1. Plaintiff alleges that the other inmate then attacked Plaintiff, and stabbed him multiple times. *Id.*

The six-minute surveillance video provided during discovery is of the altercation between Plaintiff and the other inmate, and includes a couple of minutes leading up to and after the fight. The video was attached to the incident report. Plaintiff is seeking

3

video footage from the time leading up to the altercation beyond what was saved with the incident report. Prior to the altercation, Defendants had heard a noise coming from the dorms but at the time the Defendants went to check the area, there were no warnings of a fight, or anyone raising their voices, so Defendants returned to their posts. Because no incident occurred then, the video would not have been saved. The altercation between Plaintiff and another inmate occurred after the Defendants returned to their posts. Additionally, Plaintiff has failed to prove that these individual Defendants even had access to (much less the ability or responsibility to preserve) the video footage from those cameras.  On the contrary, Defendants are merely Correctional Officers and Correctional Sergeants, neither of whom has access to the surveillance camera footage.

### III. <u>LEGAL ARGUMENT</u>

"Under the spoliation of evidence rule, an adverse inference may be drawn again a party who destroys relevant evidence." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995); *see also* Fed. R. Civ. P. 37(e).  The rule "is not an affirmative defense, but a rule of evidence, to be administered at the discretion of the trial court."  *Id.* In order to apply the spoliation rule, the court must find that the party "knowingly, intentionally or willfully" destroyed the evidence.  *See Pecar v. St. Paul Fire & Marine Ins. Co.*, 72 Fed. Appx. 926, 929 (4th Cir. 2003).

4

In this case, first, the surveillance video was not saved because no incident occurred at the time that the Plaintiff is seeking. To the extent that there was any surveillance video footage of any incidental or indirectly related conduct, such video footage was automatically overwritten during the normal course of business. Secondly, even assuming such video footage existed, Plaintiff has not shown that any of the individual Defendants had access to the surveillance footage, let alone the authority or ability to preserve it. Thus, Plaintiff has failed to prove that these individual Defendants intentionally destroyed any video footage that may have existed. Therefore, Plaintiff's Motion should be denied.

## IV.  CONCLUSION

For the above reasons, Plaintiff's Motion Seeking Spoliation Sanctions should be denied.

Respectfully submitted this the _th day of June, 2026.

JEFF JACKSON
Attorney General

/s/ Sarah M. Varela
Sarah M. Varela (N.C.S.B. No. 62726)
Assistant Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Telephone: 919-716-6638
Facsimile: 919-716-6761
svarela@ncdoj.gov

5

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

> Deja Vonta Wilson
> 0921292
> Alexander Correctional Institution
> 633 Old Landfill Rd.
> Taylorsville, NC 28681
> *Pro Se Plaintiff*

This the _th day of June, 2026.

/s/ Sarah M. Varela
Sarah M. Varela
Assistant Attorney General

6